# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00613-CR

**Luis Angel Aviles, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
## NO. 54,437, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## O P I N I O N

A jury found appellant Luis Angel Aviles guilty of retaliation for threatening to kill a prosecutor. *See* Tex. Pen. Code Ann. § 36.06(a) (West Supp. 2004-05). The district court assessed punishment at twenty years' imprisonment. In a single point of error, appellant contends that the district court erred in admitting the testimony of an interpreter, appointed by the court for a different criminal proceeding involving appellant, because the attorney-client privilege prohibited her from testifying to the threat. We overrule this contention and affirm.

### SUMMARY OF FACTS

In 2002, appellant was charged with burglary. His attorney negotiated a plea with the prosecutor that would result in a five-year sentence. Appellant wanted to proceed with trial, so he wrote a letter to the district court to express dissatisfaction with his attorney. Also, although

appellant could communicate in English, his proficiency was limited, so he requested that the court provide him with an interpreter. Pursuant to the Texas Code of Criminal Procedure section 38.30, the court appointed a Spanish-language interpreter who was certified by the State. *See* Tex. Code Crim. Proc. Ann. art. 38.30 (West Supp. 2004-05).

Because the letter created tension in their attorney-client relationship, appellant's attorney filed a motion to have himself removed as counsel. On October 30, 2002, while waiting in the courtroom for their hearing on this motion, the attorney spoke with the prosecutor, who indicated that she would pursue a more severe charge if appellant refused the plea. A few minutes later, with the interpreter present, appellant's attorney then spoke to appellant in English, explaining both the consequences of proceeding with trial and the purpose of that day's hearing. The interpreter, out of the hearing of appellant's attorney, then summarized this information in Spanish. During this discussion, appellant shaped his hand like a pistol, pointed it at the prosecutor, and told the interpreter, "Cuando salga de aqui la mato," which according to the interpreter means "When I get out of here, I'll kill her." Other attorneys, parties, and court personnel were in the courtroom for that day's docket call, but no other witnesses, including the prosecutor, heard the words, although appellant's attorney saw the gesture.

The interpreter repeated this threat to appellant's attorney. Because they considered the threat serious, appellant's attorney and the interpreter together reported it to the prosecutor, who repeated it to the District Attorney. Under the statutory definition of retaliation, a threat to harm a public official is a felony. Tex. Pen. Code Ann. § 36.06(a). Although appellant's attorney testified at the trial for the retaliation offense that he heard appellant make a similar statement in English prior to the Spanish-language threat, appellant was indicted for the Spanish-language threat only. At appellant's trial for the retaliation offense, therefore, the interpreter was the sole witness to this

2

statement. Appellant was subsequently convicted, the sentence was enhanced based upon prior felony convictions, and this appeal followed.

## DISCUSSION

The question considered in this appeal is whether the communication of the threat between appellant and his court-appointed interpreter is confidential. Appellant argues that, because an interpreter serves as an agent of the client or of the client's attorney, Texas Rule of Evidence 503 regarding attorney-client privilege prohibited the interpreter from testifying about the threat at trial.[1] The issue therefore is whether the attorney-client privilege applies under Rule 503 when a criminal defendant makes a threat in the presence of his court-appointed interpreter.

We review a trial court's decision to admit evidence under an abuse of discretion standard. *Page v. State*, 137 S.W.3d 75, 78 (Tex. Crim. App. 2004). Communications protected by the attorney-client privilege are generally inadmissible at trial: "A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client (A) between the client or a representative of the client and the client's lawyer or a representative of the lawyer. . . ." Tex. R. Evid. 503(b)(1). This rule protects client communications to a lawyer or a lawyer's representative. *Id*. Appellant would have us categorize a court-appointed interpreter as a "representative of a lawyer" under the Rule: "one employed by the lawyer to assist the lawyer in the rendition of professional legal services." *Id*. at 503(a)(4)(A).

---

[1] Although appellant urges us to consider the revelation of the threat as forbidden by Disciplinary Rule of Professional Conduct 1.05, that Rule does not apply because this appeal is limited to the decision by the trial court to permit testimony about the threat at trial, a decision governed by Texas Rule of Evidence 503.

3

We need not determine whether a court-appointed interpreter is the representative of a lawyer, however, because the communication at issue was not made for the rendition of professional legal services and is therefore not covered by the attorney-client privilege. Rule 503 defines a "confidential communication" as one "not intended to be disclosed to third persons other than those to whom disclosure is made *in furtherance of the rendition of professional legal services* to the client or those reasonably necessary for the transmission of the communication." *Id*. at 503(a)(5) (emphasis added). The Rule has similar language in the description of the privilege itself: "confidential communications made for the *purpose of facilitating the rendition of professional legal services*. . . ." *Id*. at 503(b)(1) (emphasis added).

The Court of Criminal Appeals has indicated that when a client informs his attorney of an intent to commit a future crime, that communication is not for the purpose of facilitating the rendition of professional legal services. *Henderson v. State*, 962 S.W.2d 544, 554-55 (Tex. Crim. App. 1997). The Court in *Henderson* examined the interplay of the Disciplinary Rules and Rule 503 regarding revelation of information to prevent potential death or serious bodily injury: "The client cannot use Rule 503 to prevent an attorney's disclosure, in accordance with the disciplinary rules, of ongoing or future criminal activity." *Id*. at 556. Such communication is "arguably" not for the purpose of facilitating the rendition of professional legal services, so the privilege presents "no bar to disclosure." *Id*. at 555.[2] In the instant case, appellant threatened to commit homicide, which the interpreter, who in nine years of experience had never heard a defendant utter such a threat, took

---

[2] Further, the attorney-client privilege sometimes yields to accommodate public policy: "There may be circumstances so grave . . . that the privilege must yield to the most fundamental values of our justice system." *Henderson v. State*, 962 S.W.2d 544, 556 (Tex. Crim. App. 1997).

seriously. Appellant was specific about his intent: he pointed directly at the prosecutor when he said he would kill her, and he formed his hand into the shape of a gun. Appellant's communication of a threat to kill to his court-appointed interpreter can in no way be considered necessary to the rendition of legal services for his pending burglary trial.[3] We hold that this communication of an intent to commit a crime is not covered by the attorney-client privilege, rendering irrelevant the role the interpreter may have been serving at the time of the communication. Accordingly, the trial court did not abuse its discretion in allowing the interpreter to testify about the threat.

## CONCLUSION

Because the communication of the intent to commit a crime falls outside of the protection of the attorney-client privilege, Rule 503 does not bar the admission of the communication into evidence. The trial court did not abuse its discretion in allowing the interpreter to testify about the threat. The judgment of the trial court is affirmed.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: May 12, 2005

Publish

_____

[3] This fact renders the role in which the interpreter may have been serving at the time of the threat irrelevant.

5